IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:08CV556

| | |
|---|---|
| MARK KEVIN MILLER, ) <br> ) <br> Plaintiff, ) <br> ) <br> Vs. ) <br> ) <br> RUTHERFORD COUNTY BOARD OF ) <br> REALTORS, ) <br> ) <br> Defendant. ) <br> ) | **MEMORANDUM AND** <br> **ORDER OF DISMISSAL** |

**THIS MATTER** is before the Court based on a complaint filed by Plaintiff Mark Kevin Miller, who is proceeding *pro se*. **Complaint, filed December 30, 2008.** Plaintiff has also filed an accompanying motion to proceed *in forma pauperis* (IFP). **Application to Proceed Without Prepayment of Fees and Affidavit, filed December 30, 2008.** For the reasons set forth herein, the motion to proceed IFP is granted, but the complaint is dismissed without service of process.

Plaintiff filed a similar complaint in September 2008. **Complaint, filed September 17, 2008, Case No. 1:08CV441 (hereinafter the "September Complaint").** The September Complaint attempted to state a

claim based on 42 U.S.C. § 1983 against Rutherford County and two named individuals.  *Id.* **at 1.**  In brief, Plaintiff complained he was a victim of discrimination because he, an African-American, was not allowed to be a member of the Rutherford County Board of Realtors Multiple Listing Services (RCMLS), whereas several white realtors, similarly situated, were allowed to join.  *Id.* **at 5.**

The Defendants named in the September Complaint moved to dismiss.  **Motion to Dismiss, filed October 9, 2008.**  The matter was referred the Magistrate Judge, who issued a thorough memorandum and recommendation explaining that 42 U.S.C. § 1983 prohibits the deprivation of constitutional rights by persons acting under color of state law, and, therefore, the statute only applies to *state actors* (and those who conspire with state actors).  **Memorandum and Recommendation, filed December 1, 2008, at 8-9.**

While the September Complaint did indeed name Rutherford County (a state actor) as a Defendant, the claim appeared to be based on Plaintiff's mistaken assumption that Rutherford County was affiliated with RCMLS, a private corporation.  *Id.* **at 9.**  Rutherford County, however, is entirely unrelated to RCMLS.  *Id.*

Additionally, the two individuals named in the September Complaint were employees and/or agents of RCMLS and, in that capacity, were not state actors and could not be sued under § 1983. *Id.* **at 11-12.** RCMLS itself was not named as a Defendant in the September Complaint. For these reasons, the Magistrate Judge recommended the Court grant Defendants' motion for dismissal. *Id.* **at 13.** The undersigned carefully reviewed the Magistrate Judge's Memorandum and Recommendation, and, Plaintiff having filed no objections to it, adopted it and dismissed the case. **Order, filed December 19, 2008.**

Plaintiff promptly initiated a new lawsuit by filing the instant complaint. The new complaint alleges all the same facts as the September Complaint, but names the Rutherford County Board of Realtors as the sole Defendant. **Complaint,** *supra***, at 1.** Perhaps in an attempt to get around the fact that the named Defendant is not a state actor, the new complaint fails to name any statutory authority whatsoever, not even § 1983. The civil cover sheet leaves the space for a statute blank and simply states "racial discrimination." **Exhibit 5, Civil Cover Sheet,** *attached to* **Complaint,** *supra***.** As noted above, the new complaint is accompanied by

a motion to proceed IFP.  **Application to Proceed Without Prepayment of Fees**, *supra*.

The Court is of the opinion that Plaintiff has shown sufficient cause in his affidavit to allow him to proceed *in forma pauperis*.  In considering an IFP complaint, however, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; [or] (ii) fails to state a claim upon which relief may be granted[.]"  **28 U.S.C. § 1915(e)(2)(B).**  Generally speaking, *pro se* complaints are construed liberally and held to less stringent standards than pleadings filed by lawyers.  **Haines v. Kerner, 404 U.S. 519, 520 (1972).**  Nonetheless, "an IFP complaint may be dismissed as frivolous if it lacks an arguable basis in law or fact."  **Macias v. Raul A. Unknown, Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994);** *see also* **Haines, 404 U.S. at 520-21 (noting that *pro se* complaints are subject to dismissal if "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").**  The Court is "bound by the allegations in the complaint, and [is] not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint."  **Macias, 23 F.3d at 97.**

In this case, Plaintiff is attempting to re-assert the same claims and allegations he discussed in the September Complaint. Indeed, the principal paragraph of both the September Complaint and the instant complaint are identical, except for the Defendants' names. As the Magistrate Judge explained in his memorandum and recommendation, which was adopted in full by the Court, a § 1983 claim cannot be asserted except against a state actor. **Memorandum and Recommendation, *supra*, at 8; *see also Bowers v. DeVito*, 686 F.2d 616, 618 (7th Cir. 1982) (noting that even an act as monstrous as murder cannot be the subject of a § 1983 claim if it was not performed by a state actor).**

Moreover, Plaintiff has articulated no other claim besides his ineffective § 1983 claim. His bare statement of the phrase "racial discrimination" on his civil cover sheet, without more, is insufficient to allow his lawsuit to proceed. As in *Macias*, the Court cannot speculate whether Plaintiff might be able to state a colorable claim if given yet another opportunity to add more facts. For these reasons, the Court concludes that the instant complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

**IT IS, THEREFORE, ORDERED** that the motion to proceed *in forma pauperis* is hereby **GRANTED**.

**IT IS FURTHER ORDERED,** however, that the complaint is hereby **DISMISSED** without service of process.

Signed: January 15, 2009

Lacy H. Thornburg
United States District Judge